# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-cv-62436-BLOOM/Valle

SOUTH BROWARD HOSPITAL DISTRICT,

      Plaintiff,

v.

SECRETARY OF THE UNITED STATES
DEPARTMENT OF HEALTH AND
HUMAN SERVICES

      Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff South Broward Hospital District's ("Plaintiff") Motion to Stay Further Proceedings, ECF No. [18] ("Motion"). The Court has considered the Motion, the Defendant's position as set forth in the Parties' Joint Notice Regarding Stay of Further Proceedings, ECF No. [17], the record in the case and is otherwise duly advised. For the reasons that follow, the Motion is denied.

Plaintiff moves the Court to stay further proceedings in this case based on the procedural posture of a related action pending before Judge Cooke, *Bethesda Health, Inc., et al. v. Alex M. Azar, II*, Case No. 18-cv-63021-MGC ("Bethesda") to which Plaintiff is a party, and pending a decision by the U.S. Court of Appeals for the District of Columbia Circuit in *Bethesda Health, Inc. v. Azar*, Case No. 19-5260 (D.C. Cir. Sept. 30, 2019) ("Bethesda "D.C."). The Court recently granted Defendant's Unopposed Motion for Stay of Deadlines in Scheduling Order, ECF No. [15], based upon the Defendant's representation that it intended to file a motion to dismiss the Complaint on a threshold issue of the Court's subject matter jurisdiction. ECF No. [14]. In the Court's Order, it required the parties to advise the Court no later than January 14, 2020 whether they agree to stay

the entire case pending a decision in Bethesda D.C. and whether that decision may inform the parties' decisions in the pending case. *Id.* On January 9, 2020, Defendant filed its motion to dismiss for lack of subject matter jurisdiction, ECF No. [16], and shortly thereafter, the parties jointly submitted their notice, ECF No. [17] ("Notice"). The Notice advised that the parties are unable to agree to a stay of further proceedings in this action and that they differ on whether a decision in Bethesda D.C. will inform the parties' decision in the present case. *Id.*

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). A court may grant a stay to "promote judicial economy, reduce confusion and prejudice, and prevent possible inconsistent resolutions." *Axa Equitable Life Ins. Co. v. Infinity Fin. Group, LLC*, 608 F.Supp.2d 1330, 1346 (S.D. Fla. 2009). The basis upon which Plaintiff moves to stay further proceedings is that the decision in Bethesda D.C. will impact its decision on whether to pursue the instant lawsuit. ECF No. [18] at ¶¶ 7-8. Plaintiff adds that a stay would conserve judicial and private resources and may avoid piecemeal and potentially inconsistent adjudications of the jurisdiction issue. *Id.* at ¶ 8. While granting a stay of proceedings pending a decision in Bethesda and Bethesda D.C. may impact the calculus of Plaintiff's litigation choices, the Court is unable to reach the merits of Plaintiff's Complaint if it does not have subject matter jurisdiction over the case.

Federal courts are courts of limited jurisdiction, and they possess only the power authorized by Congress or the Constitution. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552, 125 S. Ct. 2611, 2616-17 (2005); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). The validity of a federal court's order depends upon that court having subject-matter jurisdiction. *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701, 102 S. Ct. 2099, 2103 (1982). Absent a grant of subject-matter jurisdiction from Congress, a court "is powerless to act." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410

(11th Cir. 1999); *Wernick v. Mathews*, 524 F.2d 543, 545 (5th Cir. 1975) (noting that absent jurisdiction a court is "powerless to consider the merits" of a case). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Indeed, "[w]hen a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power." *Univ. of S. Ala.*, 168 F.3d at 409 (citation omitted).

The Defendant directly challenges the Court's subject matter jurisdiction in its motion to dismiss. As such, that issue must be resolved. Moreover, even if the Bethesda and Bethesda D.C. actions are resolved in Plaintiff's favor, the threshold issue of this Court's jurisdiction would remain.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Stay Further Proceedings, **ECF No. [18]**, is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 16, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record